**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE SCIANNA, an individual; BROOKE SCIANNA, an individual, by and through her legal guardian, Christine Scianna, | No. 25-2989 |
| | D.C. No. 2:21-cv-01444-DJH |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| AURORA BEHAVIORAL HEALTHCARE-TEMPE, LLC, an Arizona Corporation, individually and as a services provider for the State of Arizona Department of Child Safety; KRZYSTZTOF MLAK, individually as an employee with Aurora Behavioral Healthcare-Tempe, LLC, | |
| Defendants - Appellees, | |
| and | |
| STATE OF ARIZONA, ARIZONA DEPARTMENT OF CHILD SAFETY, TINA CANALE, CHRISTIE JOHNSON, MELISSA COURTRIGHT, BARRY COURTRIGHT, NICHOLAS LONG, GREGORY MCKAY, MICHAEL FAUST, | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted April 15, 2026
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Brooke Scianna and her mother, Christine Scianna ("plaintiffs"), appeal a summary judgment in favor of Dr. Krzysztof Mlak on their 42 U.S.C. § 1983 conspiracy claim. Plaintiffs' claim relates to Dr. Mlak's inpatient psychiatric acute care treatment of Brooke after the Arizona Department of Child Safety ("DCS") temporarily removed Brooke, then a minor, from her home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc), and affirm.

Dr. Mlak is entitled to summary judgment on plaintiffs' § 1983 conspiracy claim because plaintiffs cannot establish "an underlying constitutional violation." *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc); *see id.* (discussing the requirements for a § 1983 conspiracy claim). Plaintiffs contend that Dr. Mlak violated their due process rights by administering Haldol, an anti-psychotic drug, to Brooke. A parent retains a liberty interest in the "care, custody, and management" of a child in temporary custody of the State. *Santosky v. Kramer*, 455

2                                                                      25-2989

U.S. 745, 753 (1982). But in limited circumstances, that interest "must bow to other countervailing interests and rights, such as the basic independent life and liberty rights of the child and of the State acting as *parens patriae*." *Mueller v. Auker*, 700 F.3d 1180, 1186 (9th Cir. 2012). For example, parents of children in temporary state custody have the right "to notice and consent or judicial authorization in advance of medical examinations of their children, unless a reasonable concern that material physical evidence might dissipate or an urgent medical problem exists." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1149 (9th Cir. 2021) (citation modified).

Here, before Dr. Mlak administered Haldol to Brooke, DCS sought and obtained an order from the juvenile court approving the delivery of "inpatient psychiatric acute care services" to Brooke. DCS's motion was based on a physician's opinion that Brooke was suffering from a mental disorder and was a danger to herself and others. The motion confirmed that "[a]vailable alternatives to inpatient psychiatric acute care services were considered," but that such care was the least restrictive available alternative. Christine received notice of DCS's motion requesting approval to provide psychiatric care to Brooke. And she received notice of the juvenile court's order authorizing "inpatient psychiatric acute care services."

Plaintiffs do not challenge the authority of the juvenile court to issue the order, rather only the administration of Haldol pursuant to the order. But the juvenile court's order authorized "psychiatric acute care services," defined to include

3

medication stabilization under Arizona law. Ariz. Rev. Stat. § 8-271(8)(c) (stating that "psychiatric acute care services" includes "[m]edication stabilization . . . for a child who suffers from acute psychiatric or mental disorders or who needs to have a chronic mental illness stabilized"). Dr. Mlak's administration of Haldol to Brooke was "medication stabilization" within the scope of the court order allowing "psychiatric acute care services." *See id.*

Dr. Mlak did not administer Haldol to Brooke until after the juvenile court's order issued. Because Dr. Mlak acted pursuant to a court order and Christine was on notice of the order, Dr. Mlak was not required to obtain Christine's consent separately before administering Haldol. *See Benavidez*, 993 F.3d at 1150.

**AFFIRMED**.[1]

---

[1]    Plaintiffs' motion for judicial notice, Dkt. 21, is granted.

4                                                                                              25-2989